Andre Gaston appeals from a judgment of the juvenile court which terminated his parental rights and granted the Cuyahoga County Department of Children and Family Services permanent custody of his son, Andre Gaston. Gaston complains on appeal that the court erred in terminating his parental rights because he had completed the requirements of his case plan, and because the court could have placed his son with a relative.
After carefully examining the record, we recognize that this court in Roediger Constr. v. Wasylyk (April 17 1997), Cuyahoga App. Nos. 70839, 70844, unreported, required the trial court to issue findings of fact and conclusion of law where it had previously ordered the parties to submit proposed findings of fact and conclusions of law. We note in this case, however, that the court has satisfied that requirement in its judgment entry where it found clear and convincing evidence that to grant permanent custody to the CCDCFS served Andre's best interests. Further, the child could not be placed with his parents within a reasonable time or should not be placed with his parents because he had lived with and bonded to his foster parents for his whole life and had no significant attachment to his parents.
However, we are unable to review these assignments of error because we have not been presented with an official transcript of the hearing or a statement of the proceedings as required by our rules. Rather, the parties here have filed an unofficial transcript of proceedings signed by Marc Eppler, a notary public, certifying it as a true and accurate record of the hearing. However in this case, Eppler is not an official court reporter under contract to the court, and the record does not reflect that the court appointed him to report this case. Hence, the transcript does not conform to App. R. 9 (E), reflecting the reporter's appointment by the trial court. Accordingly, the transcript submitted cannot be considered by this court to determine whether or not error has occurred. Therefore, we are constrained to affirm the decision of the court.
The record before us reveals that on November 10, 1995, four days after the birth of Andre, the court conducted an emergency hearing and awarded temporary custody of the infant to CCDCFS. At that time, CCDCFS placed Andre in foster care where he has resided continuously since that time.
On September 26, 1996, CCDCFS filed a motion to modify temporary custody to permanent custody. Thereafter, the court conducted a hearing and ordered both parties to submit findings of fact and conclusions of law. On July 15, 1998, the court terminated the CCDCFS's temporary custody and committed Andre to its permanent care. From that decision, Gaston now appeals and raises three assignments of error for our review.
 I. THE TRIAL COURT ERRED IN TERMINATING THE PARENTAL RIGHTS OF THE APPELLANT WHERE THE RECORD DOES NOT REFLECT SUFFICIENT EVIDENCE TO SATISFY THE CLEAR AND CONVINCING EVIDENCE STANDARD.
 II. THE TRIAL COURT ERRED IN TERMINATING THE PARENTAL RIGHTS OF THE APPELLANT AND GRANTING PERMANENT CUSTODY TO THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES WHERE THE NATURAL PARENTS COMPLETED ALL REQUIREMENTS OF THE CASE PLAN AND SUCH A GRANT OF PERMANENT CUSTODY SEPARATED THE MINOR CHILD FROM HIS NATURAL PARENTS AND HIS SIBLINGS.
 III. THE TRIAL COURT ERRED IN TERMINATING THE PARENTAL RIGHTS OF THE APPELLANT AND GRANTING PERMANENT CUSTODY TO THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES WHERE THE RECORD REFLECTS THAT A RELATIVE OF THE CHILD WAS ABLE TO TAKE LEGAL CUSTODY, WHERE THE AGENCY HAD ALREADY PLACED TWO SIBLINGS WITH THAT RELATIVE, AND WHERE THE AGENCY FAILED TO DEMONSTRATE THAT "NO RELATIVE OF THE CHILD IS ABLE TO TAKE LEGAL CUSTODY FOR THE CHILD."
The record before us is insufficient for us to consider the correctness of the positions enunciated in the foregoing assignments of error. In Wiltsie v. Teamor (1993), 89 Ohio App.3d 380, we stated:
* * * Loc. App. R. 4 states in part:
 Appellate Rule 9 (B) describes a court reporter as "the person appointed by the court to transcribe the proceedings * * *." When a reporter is used to record the events at trial, the record must reflect that reporter's appointment by the trial court for such purpose. If an official court reporter is not then under contract to the court, the Court shall appoint a professional court reporter on a case by case basis. This may be done by sua sponte entry of the court or on motion of a party in the case.
 It is evident that where a transcript will be required for an adjudication of an appeal, and there is no court reporter under contract to transcribe the trial, the litigants bear the burden of ensuring that the court appoint a professional court reporter. In the case sub judice, no steps were taken by the litigants, or the judge sua sponte,
to appoint a court reporter. The transcript submitted by the appellant may not be considered by this court. In re Estate of Ross (Nov. 24, 1989), Geauga App. No. 88-G-1480, unreported, 1989 WL 143203.
This court has consistently followed the mandate of Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, * * *, where the court held:
When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Id. at 199, * * *.
In this case, only an unofficial transcript has been presented. Thus, we are unable to consider the assignments of error submitted on this appeal, and in accordance with Wiltsie andKnapp, we are to presume the validity of the lower court's proceedings. Therefore, the judgment of the court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and MICHAEL J. CORRIGAN, J., CONCUR 
 _________________ PRESIDING JUDGE TERRENCE O'DONNELL